FILED
United States Court of Appeals
Tenth Circuit

January 24, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

SEAN ROGERS,

    Petitioner - Appellant,

v.

WYOMING ATTORNEY GENERAL;
STATE OF WYOMING; NEICOLE
MOLDEN, in her official capacity as
Wyoming Department of Corrections State
Penitentiary Warden,

    Respondents - Appellees.

No. 24-8038
(D.C. No. 1:22-CV-00234-SWS)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **BALDOCK**, and **LUCERO**, Circuit Judges.
_____

Sean Rogers, a Wyoming prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to appeal the district court's denial of his petition under

28 U.S.C. § 2254.  We deny a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Rogers proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."  _Garrett v. Selby Connor Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005).

A Wyoming state jury convicted Mr. Rogers of one count of second-degree sexual assault of a minor and acquitted him of two other crimes. Mr. Rogers appealed the jury verdict and filed the § 2254 petition underlying this appeal.

The district court determined Mr. Rogers failed to exhaust forty-five of the forty-six issues he raised in the operative petition and granted him leave to file an amended complaint containing the only issue it concluded he had properly exhausted—whether the state violated his Sixth Amendment right to a speedy trial. Mr. Rogers filed numerous motions in the district court and four interlocutory appeals in this court. The district court denied Mr. Rogers's motions, and this court dismissed his interlocutory appeals. *See* Appeal Nos. 24-8009 (10th Cir. March 19, 2024) (dismissed pursuant to 10th Cir. R. 42.1 when Mr. Rogers failed to respond to jurisdictional show-cause order); 24-8002 (10th Cir. Feb. 8, 2024) (dismissed for failure to comply with the designation requirements of Fed. R. App. P. 3(c)); 23-8086 (10th Cir. Jan. 2, 2024) (dismissed pursuant to 10th Cir. R. 42.1 when Mr. Rogers failed to respond to jurisdictional show-cause order); 23-8077 (10th Cir. Dec. 12, 2023) (dismissed for lack of jurisdiction).

In between the various appeals, the state moved to dismiss the operative petition for failure to state a claim on which the district court could grant relief. After this court dismissed Mr. Rogers's fourth interlocutory appeal, the district court entered an order denying Mr. Rogers's motion to strike the motion to dismiss, granting the motion to strike Mr. Rogers's newest amended petition, and giving Mr. Rogers another, final opportunity to respond to the motion to dismiss. Mr. Rogers filed a response and a supplemental response to the motion to dismiss. He also filed another motion to amend

his petition. The district court denied Mr. Rogers's motion to amend as futile, granted the state's motion to dismiss, and dismissed the petition with prejudice for failure to show entitlement to a writ of habeas corpus pursuant to § 2254.

The district court declined to issue a COA and entered judgment by separate order. This COA application followed.

To appeal the denial of his § 2254 petition, Mr. Rogers must obtain a COA by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Our consideration of a COA request incorporates the "deferential treatment of state court decisions" under the Antiterrorism and Effective Death Penalty Act (AEDPA). *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under AEDPA, to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The district court issued a well-reasoned decision denying Mr. Roger's petition. While Mr. Rogers's appellate brief expresses highly generalized disagreement with his convictions, it contains no argument showing reasonable jurists could debate the district court's decision. Accordingly, we deny a COA and dismiss this matter. We deny Mr. Rogers's motion to proceed *in forma pauperis* for failure to show "the existence of a

3

reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court


Bobby R. Baldock
Circuit Judge